UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
AUSTON TYE DEAN,                   )
                                   )
            Petitioner,            )
                                   )
      v.                           )   Civil Action No. 08-0857 (PLF)
                                   )
MICHAEL B. MUKASEY, et al.,[1]     )
                                   )
            Respondents.           )
_____)

MEMORANDUM OPINION

In this action seeking a writ of habeas corpus under 28 U.S.C. § 2241, petitioner challenges his conviction entered by the United States District Court for the District of Wyoming. He is in prison at Federal Correctional Institution Englewood in Littleton, Colorado. Petitioner asserts that the sentencing court lacked subject matter jurisdiction over his criminal case, and that counsel rendered constitutionally ineffective assistance by not raising this claim.

Such claims must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court substitutes the current Attorney General, Michael B. Mukasey, as a named respondent.

1

> move the court which imposed the sentence to <u>vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255 (emphasis added). Moreover, the ability to challenge a conviction by a motion to vacate sentence under Section 2255 generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added).

Even if petitioner were allowed to file a petition for a writ of habeas corpus rather than filing a motion under Section 2255, this Court would not be able to consider such a petition. The Court "'may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'" <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 810 (D.C. Cir. 1988) (quoting <u>Guerra v. Meese</u>, 786 F.2d 414, 415 (D.C. Cir. 1986)). It is established that writs of habeas corpus must be directed to the detainee's custodian -- in this case, the warden at FCI Englewood. <u>See</u> <u>Guerra v. Meese</u>, 786 F.2d 414 at 416 (rejecting argument that Parole Commission, while responsible for appellees' continued detention, was their custodian for purposes of habeas corpus); <u>Connally v. Reno</u>, 896 F. Supp. 32, 34 (D.D.C. 1995) (rejecting habeas corpus action brought against Attorney General and Director of Bureau of Prisons rather than petitioner's warden) (<u>quoting</u> <u>Ledher v. Thornburgh</u>, 733 F. Supp. 454-55 (D.D.C. 1990) ("The custodian is the person having day-to-day control over the prisoner.")). This Court does

not have personal jurisdiction over the warden of a federal institution in Colorado.  Accordingly, it could not consider such a petition.

For the foregoing reasons, the Court will dismiss this petition without prejudice to petitioner filing an appropriate action in an appropriate court.  An Order consistent with this Memorandum Opinion is issued separately on this same day.

                                                                                            _____/s/_____
                                                                                            PAUL L. FRIEDMAN
                                                                                            United States District Judge

DATE:  May 22, 2008